**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JAN MOUZON, *et al.*, |
|       Plaintiffs |
|       v. |
| RADIANCY, INC., *et al.*, |
|       Defendants |

Civil Action No. 14-722 (CKK)

**MEMORANDUM OPINION**
(June 19, 2015)

This action arose from the advertising and sale of a product called the no!no! Hair removal device (the "product") by Defendant Radiancy, Inc. ("Radiancy"). Thirteen plaintiffs from Washington, D.C., California, Florida, Illinois, Maryland, Virginia, Pennsylvania, Colorado, West Virginia, and Tennessee brought this putative class action against Radiancy, Inc., and its CEO Dolev Rafaeli. Both Rafaeli and Radiancy moved to dismiss. On March 30, 2015, the Court granted those motions. The Court dismissed the claims against Rafaeli for lack of personal jurisdiction. The Court dismissed all of the claims against Radiancy for failure to state a claim. Specially, the Court dismissed *with prejudice* the claim pursuant to New York General Business Law §§ 349-50 (Count 1) and the implied warranty of fitness for a particular purpose claim (Count 14, part 2). The Court dismissed *without prejudice* the eleven state-specific consumer protection claims (Counts 2 through 12) for failure to plead these fraud-based claims with particularity as required by Federal Rule of Civil Procedure 9(b). The Court also *dismissed without prejudice* the express warranty claim (Count 13), the implied warranty of merchantability claim (Count 14, part 1), and the Magnuson-Moss Warranty Act claim (Count 15). The Court also denied Plaintiffs' cursory request to amend the complaint and dismissed this action in its entirety. Now before the Court is Plaintiffs' [22] Motion to Alter or Amend the Judgment Granting Defendant's Motion to Dismiss and for Leave to Amend the Class Action

Complaint. Plaintiffs now ask the Court to amend the judgment dismissing this action and seek

leave to file an Amended Complaint. Through the Proposed Amended Complaint, Plaintiffs seek

to revive all but one of the claims that the Court dismissed without prejudice.[1] Upon

consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the

Court DENIES Plaintiffs' [22] Motion to Alter or Amend the Judgment Granting Defendant's

Motion to Dismiss and for Leave to Amend the Class Action Complaint. The Court concludes

that this case does not present the extraordinary circumstances necessary to justify amending the

judgment. Accordingly, the Court DENIES Plaintiffs' request to amend the judgment and

DENIES AS MOOT Plaintiffs' request for leave to file an Amended Complaint.

## I. BACKGROUND

The Court presented the background of this case at length in its [21] Memorandum

Opinion accompanying the Order dismissing this case. *See Mouzon v. Radiancy, Inc.*, No. CV

14-722 (CKK), --- F. Supp. 3d ---, 2015 WL 1423834, (D.D.C. Mar. 30, 2015). The Court

provides the necessary background with respect to the currently pending motion in the discussion

of the issues raised by that motion below.

---

[1] The Proposed Amended Complaint does not include a claim pursuant to the West Virginia
Consumer Protection Act, which was Count 11 of the original Complaint.

[2] The Court's consideration has focused on the following documents:

- Pls.' Mot. to Alter or Amend the Judgment Granting Defendant's Motion to Dismiss and
  for Leave to Amend the Class Action Complaint. Pls.' Complaint ("Pls.' Mot."), ECF No.
  22;
- Def. Radiancy's Mem. of Points & Authorities in Opp'n to Pls.' Mot. ("Def.'s Opp'n"),
  ECF No. 23; and
- Pls.' Reply Mem. to Defs.' Opp'n to Pls.' Mot. ("Pls.' Reply"), ECF No. 25.

In an exercise of its discretion, the Court finds that holding oral argument in this action would
not be of assistance in rendering a decision. *See* LCvR 7(f).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)).

## DISCUSSION

Plaintiffs seek to amend the Court's opinion and judgment dismissing this case, specifically with regard to the Court's dismissal of several claims without prejudice, and seek leave to file an Amended Complaint that purports to respond to the defects with the original Complaint that the Court identified. Notably, Plaintiffs do not argue in their motion that the Court should alter the judgment to reconsider its conclusion that the *original* Complaint was inadequate. Plaintiffs essentially ask the Court to reconsider its decision to deny Plaintiffs leave to file an Amended Complaint and its decision to dismiss this action in its entirety.

The parties agree that, because the Court previously dismissed this action and entered judgment, Plaintiffs were required to file a Rule 59(e) motion to alter or amend the judgment,

*together* with a Rule 15(a) motion requesting leave to amend the complaint, in order to amend the complaint. *See Firestone*, 76 F.3d at 1208. Indeed, "[i]t is well established that '[w]here a district court is presented with a motion for leave to amend following a dismissal, the court considers the motion for leave to amend only after consideration of a party's motion to amend or alter the dismissal.'" *W. Wood Preservers Inst. v. McHugh*, 292 F.R.D. 145, 147 (D.D.C. 2013) (quoting *DeGeorge v. United States*, 521 F. Supp. 2d 35, 40-41 (D.D.C. 2007). This rule is applicable in cases, like this one, where claims had been dismissed without prejudice. *See W. Wood Preservers Inst.*, 292 F. Supp. 3d at 147; *DeGeorge*, 532 F. Supp. 2d at 40-41. Accordingly, the Court may only consider Plaintiffs' motion for leave to amend the complaint only if it grants Plaintiffs relief pursuant to Rule 59(e). Ultimately, because the Court, in its discretion, concludes that relief is not warranted pursuant to Rule 59(e), it does not reach Plaintiffs' request for leave to file an amended complaint pursuant to Rule 15(a).

Relief pursuant to Rule 59(e) is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone,* 76 F.3d at 1208. Plaintiffs rely only on the latter two grounds—correcting a clear error and preventing manifest injustice—to support their request to alter or amend the judgment. *See* Pls.' Mot. at 4. The Court addresses, in turn, these two grounds submitted by Plaintiffs for amending the judgment.

Plaintiffs argue first that the Court improperly denied leave to amend the original Complaint and improperly dismissed the action in its entirety given that it dismissed the fraud-based claims and several other claims without prejudice. Specifically, Plaintiffs argue that, because the Court dismissed the state-specific claims for failure to plead with particularity

pursuant to Rule 9(b), it was improper to dismiss the action and to deny leave to amend those claims. The Court disagrees.

"Federal Rule of Civil Procedure 15(a) provides that a district court 'should freely give leave [to amend] when justice so requires.'" *Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (quoting Fed .R. Civ. P. 15(a)(2)). However, to receive the benefit of this standard in this Circuit, it is necessary to file a motion for leave to amend a complaint accompanied by a copy of the proposed amended complaint. *See id.* (citing *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006)); LCvR 15.1 ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."). As in *Rollins*, Plaintiffs in this action neither filed a motion to amend their complaint nor submitted a proposed amended complaint prior to the Court's dismissal of this action. Instead, as the Court noted in its Memorandum Opinion accompanying the Order dismissing this action, Plaintiffs' request was limited to a single sentence in the conclusion to Plaintiffs' Opposition to Radiancy's Motion to Dismiss. Plaintiffs requested, in the alternative, leave to amend their Complaint if the Court "sees any technical defects in the Complaint." Pls.' Mem of Points and Authorities in Opp'n to Def. Radiancy's Mot. to Dismiss Pls.' Class Action Compl., ECF No. 17. As the Court further noted in its previous Memorandum Opinion, Plaintiffs did not attach a proposed amended complaint nor did they suggest how an amended complaint would fix any "technical defects" with the Complaint. " '[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a).' " *Rollins*, 703 F.3d at 130 (quoting *Belizan*, 434 F.3d at 582) (internal quotation marks omitted). Because Plaintiffs' cursory request did not constitute a motion within the meaning of Rule 15(a), the Court's denial of Plaintiffs' cursory

request to amend in Plaintiffs' Opposition to Radiancy's Motion to Dismiss is not "clear error" that would justify altering or amending the judgment.

The cases that Plaintiffs cite for the proposition that "leave to amend is almost always allowed to cure deficiencies in pleading fraud" are inapposite because they address circumstances where Rule 15(a) is applicable. *Firestone*, F.3d at 1209. *See, e.g., Firestone*, F.3d at 1209 (addressing leave to amend under Rule 15(a) only *after* vacating the judgment under Rule 59(e)); *U.S. ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 55 (D.D.C. 2011) (applying Rule 15(a)); *Harris v. Koenig*, 673 F. Supp. 2d 8, 11 (D.D.C. 2009) (same); *Gerlich v. U.S. Dep't of Justice*, 828 F. Supp. 2d 284, 291 (D.D.C. 2011) *aff'd in part, rev'd in part*, 711 F.3d 161 (D.C. Cir. 2013) (same). As discussed above, Rule 15(a) is inapplicable in this case, where Plaintiffs did not present a motion to amend prior to dismissal. Plaintiffs' arguments regarding Rule 9(b) might be pertinent if the Court had dismissed the fraud-based claims with prejudice. However, recognizing that this case did not present circumstances where "'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]'" with respect to the fraud-based state-specific claims, the Court dismissed those claims *without prejudice*. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Belizan,* 434 F.3d at 583). *See Firestone*, 76 F.3d at 1209 ("Failure to plead fraud with particularity … does not support a dismissal with prejudice."). As Plaintiffs recognize, the result of dismissing those claims without prejudice is that Plaintiffs can file a new complaint "cur[ing] the deficienc[ies]" in the fraud-based claims—and the other claims dismissed without prejudice—in any court that has jurisdiction over the proposed claims. They simply cannot insist on filing an amended Complaint in this action, which the Court has already dismissed.

Next, Plaintiffs argue that denying this motion would be a manifest injustice because some Plaintiffs "may be unable to refile their claims due to statute of limitations issues." Pls.' Mot. at 4. Plaintiffs are correct that " 'when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice.' " *See Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). However, Plaintiffs do not specify what the relevant statutes of limitations are, nor do they provide any concrete reason to believe that those statutes of limitations would prevent re-filing this action by the named plaintiffs at the present time. Notably, in Plaintiffs' Reply, Plaintiffs reference only a *potential* impact on putative class members and do not reference *any* impact on the named Plaintiffs. *See* Pls.' Reply at 6 ("[E]xtraordinary circumstances also exist because of the potential that the Court's failure to allow the PAC has to impact some class members' ability to bring their claims due to potential statute of limitations issues."). These references to *potential* prejudice to named Plaintiffs and to putative class members do not rise to the level of manifest injustice necessary to alter or amend the judgment pursuant to Rule 59(e). *See Ciralsky*, 355 F.3d at 673 ("When the most a plaintiff does is suggest that he '*may* be unfairly prejudiced … as the statute of limitations *may* be deemed to have run on some of his claims if he is not allowed to proceed,' it is hard to fault a court that finds nothing 'manifest' about any injustice that might result from a dismissal.") (citation omitted). Moreover, Plaintiffs could have avoided this result by submitting a motion to amend with a proposed amended complaint, as required by the Local Rules—rather than simply a naked request to amend—before the Court entered the Order dismissing the case. *See id.* In sum, Plaintiffs have failed to demonstrate the level of prejudice that would justify altering or amending the judgment issued previously in this action.

Furthermore, even aside from the fatal lack of specifics regarding potential statute of limitations problems with re-filing, the prejudice is all but non-existent with respect to the unnamed putative class members. Despite Plaintiffs' protestations of uncertainty in the case law, the law is clear: the statute of limitations is tolled for unnamed members of an asserted class between the filing of a class action complaint and "the day the suit is conclusively not a class action." *Scott v. D.C.*, No. CV 14-817 (GK), 2015 WL 1623847, at *3 (D.D.C. Apr. 9, 2015) (quoting *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011)). *See also Menominee Indian Tribe of Wisconsin v. United States*, 614 F.3d 519, 527-28 (D.C. Cir. 2010) (*citing Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983)) (tolling of statute of limitations between filing of class claim and denial of class certification); *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 539 (1974). When the class claims in an action are dismissed prior to resolving the question of class certification, the statute of limitations is tolled until the class claims are dismissed. *See Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001) (statute of limitations tolled between filing of class action and entry of summary judgment in favor of defendant); *Scott*, 2015 WL 1623847, at *6 (statute of limitations tolled until dismissal of class claims from action). Accordingly, for all unnamed putative class members, the statute of limitations was tolled between the filing of this putative class action and the Court's dismissal of the case. In other words, on April 1, 2015, the day after the Court dismissed this action, all unnamed putative class members were in the same position with respect to the statute of limitations as they were on April 25, 2014, the date the original Complaint in this action was filed. Even aside from total lack of specificity regarding the statute of limitations, this result could hardly constitute the sort of manifest injustice justifying amending the judgment pursuant to Rule 59(e).

8

Ultimately, aside from the alleged but unspecified statute of limitations issues, Plaintiffs do not need any relief from this Court in order to file the Proposed Amended Complaint in a separate action in this judicial district or as one or more actions in other venues. *Cf. Firestone*, 76 F.3d at 1208-09 (district court's denial of Rule 59(a) motion was abuse of discretion where district Court wrongly dismissed claims *with prejudice* rather than *without prejudice*). Any further prejudice linked to a failure to satisfy the respective statutes of limitations results from Plaintiffs' failure to promptly re-file a complaint remedying the deficiencies identified by the Court in its previous Memorandum Opinion—not from the Court's previous refusal to allow a cursory request to amend or its denial of the motion before the Court today.

The Court concludes that Plaintiffs have not demonstrated circumstances—resulting from clear error or necessary to prevent manifest injustice—that would justify altering or amending the judgment dismissing the case. Because the Court does not alter or amend the judgment, Plaintiffs' request to amend under Rule 15(a) is moot. *See Ciralsky*, 355 F.3d at 673. Therefore, the Court need not address Defendant's argument, in the alternative, that Plaintiffs' motion to amend should be denied because the Proposed Amended Complaint is futile.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' [22] Motion to Alter or Amend the Judgment Granting Defendant's Motion to Dismiss and for Leave to Amend the Class Action Complaint.

An appropriate Order accompanies this Memorandum Opinion.

Dated: June 19, 2015

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
